IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Fisher, | C/A No. 6:24-cv-1950-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Ofc. Whitley, Jeff Hammond, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 13.] The Report recommends summary dismissal because the defendants are entitled to immunity and because Plaintiff failed to state a claim. *Id.* Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. On June 24, 2024, Plaintiff filed objections. [ECF No. 15.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report outlines the relevant facts and standards of law, which the court incorporates by reference. [ECF No. 13 at 1–3.] To summarize, Plaintiff, a state prisoner, claims that Mr. Hammond failed to file his postconviction ("PCR") application or his responsive pleading, thereby violating his constitutional right of access to the courts. *See* ECF No. 1; *see also* ECF No. 13 at 1–2. Plaintiff alleges his account was debited for postage, but his documents were not mailed. *Id.* He further contends that he originally sent his PCR application in March 2022, which would have

been timely, but Mr. Hammond did not mail it. *Id.* Ultimately, his PCR was dismissed as untimely. *Id.*

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge notes that Defendant Hammond, the Lancaster County Clerk of Court, should be dismissed based on judicial immunity. [ECF No. 13 at 3-4.] Additionally, the magistrate judge explains that Plaintiff's claim for denial of access to the courts should be dismissed for failure to state a claim. *Id.* at 4–6.

Plaintiff has filed objections to the Report. [ECF No. 15.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections

need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The magistrate judge recommends summary dismissal based on judicial immunity and failure to state a claim. The court addresses each of these issues below.

First, Defendant Hammond, as a court clerk, is entitled to judicial immunity. Judges and court support personnel are immune from damages claims arising from their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). The Supreme Court has established the following limited circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a

judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted).

Plaintiff acknowledges Defendant Hammond's immunity but argues that it should not apply when a clerk of court fails to file court documents. [ECF No. 15 at 3.] However, the Fourth Circuit has made clear that "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors.'" *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Such immunity applies likewise to Defendant Hammond in his capacity as clerk of court. *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) ("Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993))). Because Hammond's actions fall within his judicial role, judicial immunity applies, and Plaintiff's objection is overruled.

Second, the Report correctly concludes that Plaintiff fails to state a viable claim for denial of access to the courts. [ECF No. 13 at 4.] To establish such a claim, a plaintiff must plead his claim with specificity, and the prisoner must show actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Accordingly, a prisoner cannot rely on conclusory allegations. *Id.* (citing *White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989)).

A prisoner may satisfy the actual injury requirement "by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the courts." [ECF No. 13 at 4 (citing *Lewis v. Casey*, 518 U.S. 343, 352–53, 116 S. Ct. 2174, 2180–81 (1996)).] Here, Plaintiff alleges his PCR application was dismissed as untimely due to delayed mailing, but he fails to offer any non-frivolous legal claim that was frustrated or impeded. *Id.* at 4. His conclusory

allegation is, therefore, insufficient to allege an actual injury for this claim. *Id.* (citing *Hurt v. Fann*, C/A No. DKC-14-873, 2015 WL 1210541 at *5 (D. Md. Mar. 16, 2015) (noting, to "prevail on a claim he has been denied meaningful access to the courts, Plaintiff must allege more than a missed deadline or opportunity to file an action in court")).

Plaintiff argues in his objections that this is a "novel question" and that courts may intervene when a prison official's obstruction denies an inmate access. [ECF No. 15 at 3.] However, his allegations fail to remedy the deficiencies identified in the Report. The state court docket reflects that Plaintiff filed his PCR application in July 2022 without mention of any earlier attempts to file his PCR claims. *See* Lancaster County Public Index, https://publicindex.sccourts.org/Lancaster/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2022CP2900860) (last visited April 1, 2025). Then, in March 2023, the PCR court issued a conditional order of dismissal due to untimeliness, giving Plaintiff 20 days to respond. The state court docket reflects Plaintiff did not respond, and a final order of dismissal was entered in September 2023. Plaintiff initiated this action in April 2024, but the court agrees with the Report— Plaintiff has failed to state a claim upon which relief can be granted. *See* ECF No. 13. Accordingly, this court overrules Plaintiff's objection on the issue of his alleged denial of access to the courts.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 13, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

April 1, 2025                                                  Sherri A. Lydon
Columbia, South Carolina                          United States District Judge

5